IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50927
Summary Calendar

_____

JOHN BOLDT; MARY BOLDT

        Plaintiffs - Appellants

    v.

CITY OF SAN ANTONIO

        Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-1007
--------------------
May 28, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

John and Mary Boldt appeal the district court's judgment as a matter of law in favor of the City of San Antonio dismissing their 42 U.S.C. § 1983 action to recover monetary damages for property damage caused when city employees entered and cleared a portion of their property while conducting a flood-control project. The Boldts argue that the City is liable because the City had a de facto policy of entering private property to do flood control and drainage work without first ascertaining the ownership, providing notice, and obtaining the property owner's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permission. Because the Boldts did not present evidence that the City made a deliberate choice to follow a practice or policy of entering private property without providing notice and obtaining permission from property owners, they have not shown that their property was damaged pursuant to an unconstitutional policy. See Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)(plurality opinion).

The Boldts also argue that the City is liable because the City failed to train its employees adequately to provide notice and obtain permission before entering private property. The evidence established that the City immediately adopted a policy of requiring its employees to provide notice and obtain permission before entering private property after the Boldts' property was damaged. The Boldts have not shown that city policy-makers continued to adhere to an unconstitutional practice or consciously disregarded the need to prevent tortious conduct. See Bd. of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 407 (1997); City of Canton v. Harris, 489 U.S. 378, 385 (1989). Therefore, they have not shown that the City's not training its employees in procedures for determining land ownership rose to the level of a constitutional violation. See Bryan County, 520 U.S. at 407; Canton, 489 U.S. at 385.

AFFIRMED.